UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-06982 DMG (FFMx)** | Date | September 12, 2012 |
|---|---|---|---|

| Title | ***VIM, L.P. d/b/a Ventura Isle Marina v. Mark Daniel Born, et al.*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT**

On February 14, 2012, Plaintiff VIM, LP, a California limited partnership, filed a complaint for breach of contract in Ventura County Superior Court against Defendant Mark Daniel Born, a Nevada resident.  On March 28, 2012, Defendant filed a counterclaim (styled a "cross-complaint" in state court) for unlawful seizure of a vessel and loss of wages, which he amended on June 18.  On August 13, 2012, Plaintiff/Counter-Defendant removed the action to this Court on the basis of diversity jurisdiction.

Under 28 U.S.C. § 1441(a), a civil action "may be removed by the defendant or the defendants."  In *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941), the United States Supreme Court held that the statute precludes "removal by a state-court plaintiff who 'was in point of substance a defendant to the cause of action asserted in the counterclaim.'"  *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (quoting *Shamrock Oil*, 313 U.S at 104).   "Since *Shamrock Oil*, the law has been settled that a counterclaim defendant who is also a plaintiff to the original state action may not remove the case to federal court." *Id.*

On August 21, 2012, this Court issued an Order to Show Cause ("OSC"), asking Plaintiff to explain why this case should not be remanded to the Ventura County Superior Court for improper removal. On September 4, 2012, Plaintiff filed a response, asserting three points in support of removal: (1) because all of Plaintiff's claims had been dismissed at the time of removal, and *only* counterclaims remained, Plaintiff should be considered a defendant; (2) the Court has discretion to apply a "functional test" to realign the parties; and (3) the improper removal can be cured if both parties consent to being in federal court and jurisdiction exists.  The Court addresses each argument in turn.

In *Shamrock Oil*, the Supreme Court reviewed the history of the removal statute, and determined that Congress decided specifically to narrow the scope of removal right to

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>vv</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 12-06982 DMG (FFMx)** | Date | September 12, 2012 |
|---|---|---|---|

| Title | ***VIM, L.P. d/b/a Ventura Isle Marina v. Mark Daniel Born, et al.*** | Page | 2 of 3 |
|---|---|---|---|

defendants, withholding federal jurisdiction in all other instances of removal. 313 U.S. at 107. A Plaintiff who "was in point of substance a defendant to the cause of action asserted in the counterclaim" cannot remove to federal court. *Id.* at 104. Plaintiff here draws a distinction without a difference, arguing that because all but the counterclaims had been dismissed, it was no longer the plaintiff at the time of removal. Allowing removal on these grounds, however, would allow any plaintiff to skirt the removal statute based solely upon the fortuitous timing of the dismissal of the plaintiff's claims. In this case, Plaintiff removed the case nearly five months after it was named as a Counter-Defendant, giving itself an approximately four-month extension of time from that within which a defendant ordinarily would have to remove under 28 U.S.C. § 1446, notwithstanding that Plaintiff could have opted to file suit in federal court on the basis of diversity jurisdiction *ab initio*—but chose not to. Plaintiff has not cited, nor has this Court found, any case that stands for the proposition that a counter-defendant may remove a case to federal court after the plaintiff's claims have been dismissed.

Next, Plaintiff asks the Court to apply a functional test, derived from *Mason City & Fort Dodge R.R. Co. v. Boynton*, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907), to allow the action to continue here. Not surprisingly, *Mason City* has been applied only when it did not directly contradict *Shamrock Oil*. For example, in *Gen. Motors Corp. v. Gunn*, 752 F. Supp. 729, 731 (N.D. Miss. 1990), the court allowed General Motors to remove after it filed a "Bill of Discovery" (a complaint under Mississippi law) because due to the procedural posture, it was clear that the Bill of Discovery was filed to seek information in "response to the threat of a products liability action alleged in a complaint previously filed by Gunn." *Id.* at 732. Nonetheless, when construing a pleading akin to a counterclaim, the same court deferred to *Shamrock Oil. OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 334 (S.D. Miss. 1994) ("Counterclaim defendants simply may not remove cases to federal court." (citing *Shamrock Oil,* 313 U.S. at 108)). Moreover, *Mason City* has never been cited in the Ninth Circuit, let alone in a manner that contravenes *Shamrock Oil*, a well-established precedent. *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011).

Finally, Plaintiff asks the Court to "waive" the defect, stating that if the defect does not involve subject matter jurisdiction, it can be waived. This is true of procedural defects such as failure to file within 30 days. The defect at issue here, however, is specifically one of subject matter jurisdiction and it cannot be waived. *Shamrock Oil*, 313 U.S. at 107 ("We think these alterations in the statute . . . narrow the federal jurisdiction on removal.")

In light of the foregoing, this case is hereby **REMANDED** to Ventura County Superior Court.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 12-06982 DMG (FFMx) | Date | September 12, 2012 |
|---|---|---|---|

| Title | *VIM, L.P. d/b/a Ventura Isle Marina v. Mark Daniel Born, et al.* | Page | 3 of 3 |
|---|---|---|---|

**IT IS SO ORDERED.**